IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| LEA-ANN R.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:19-cv-00039 |
| | ) | |
| ANDREW SAUL, Commissioner, Social | ) | By:  Elizabeth K. Dillon |
| Security Administration, | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |


**MEMORANDUM OPINION**

Plaintiff Lea-Ann R. brought this action *pro se* for review of the final decision made by

defendant, Commissioner of the Social Security Administration, denying her application for

disability insurance benefits under the Social Security Act.  (Complaint, Dkt. No. 2.)  The

Commissioner moved for summary judgment, and pursuant to 28 U.S.C. § 636(b)(1)(B), the

court referred the motion to U.S. Magistrate Judge Joel C. Hoppe for a report and

recommendation (R&R).  (Def.'s Mot. for SJ, Dkt. No. 16.)  On August 11, 2020, the magistrate

judge issued his R&R, finding that substantial evidence supported the Commissioner's decision.

(R&R, Dkt. No. 19.)  Lea-Ann filed a timely objection on August 20, 2020.  (Pl.'s Obj., Dkt. No.

20.)  The Commissioner responded to Lea-Ann's objection on September 3, 2020.  (Def.'s Obj.,

Dkt. No. 22.)

After de novo review of the pertinent portions of the record, the report, and the filings by

the parties, in conjunction with the applicable law, the court agrees with the magistrate judge's

---

[1]  Due to privacy concerns, the court is adopting the recommendation of the Committee on Court
Administration and Case Management of the Judicial Conference of the United States that courts only use the first
name and last initial of the claimant in social security opinions.

recommendation.  Accordingly, the court will grant the Commissioner's motion for summary judgment and affirm the Commissioner's decision.

## I.  BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report.  (R&R 3–9.)

## II.  DISCUSSION

### A.  Standard of Review

This court's review of the administrative law judge's (ALJ) underlying decision is limited.  *See Gregory H. v. Saul*, Civil Action No. 7:18-cv-00342, 2019 WL 4280334, at \*1 (W.D. Va. Sept. 10, 2019).  Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence."  *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance."  *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made.  Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

2

For an objection to trigger de novo review, it must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007).  Further, objections must respond to a specific error in the report and recommendation.  *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections, therefore, are not proper; they are in fact considered the equivalent of a waiver.  *Id.*  Likewise, an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object. *Moon v. BWX Techs*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010).  As other courts have recognized in the social security context, "[t]he Court may reject perfunctory or rehashed objections to R&Rs that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (quoting *Felton v. Colvin*, No. 2:12-cv-558, 2014 WL 315773, at *7 (E.D. Va. Jan. 28, 2014)).  Because "the purpose of magistrate review is to conserve judicial resources," a "mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." *Nichols v. Comm'r of Soc. Sec.*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015).

**B.  Lea-Ann R.'s Objections**

In her objections to the magistrate judge's R&R, Lea-Ann R. argues that the ALJ erred in failing to consider her mental health condition when determining that she is not disabled and able to perform work.  (Pl.'s Obj. 2, Dkt. No. 20.)  She explains that the side effects from her medications, specifically the narcotic that she takes in combination with other medications, leave her dizzy, confused, and drowsy.  (*Id.*)  She argues that these side effects leave her with marked limitations in her ability to remember information and concentrate.  (*Id.*)  Finally, she argues that

3

the ALJ erred in failing to question the vocational expert about these medication side effects. (*Id.*) These are new objections to the ALJ's decision that Lea-Ann R. did not raise before the magistrate judge.

The record shows that the ALJ considered Lea-Ann R.'s mental health in reaching his decision. The ALJ recognized that Lea-Ann had been diagnosed with bipolar illness but determined that there was no psychiatric treatment in the record for the period at issue. (Admin. Tr. (Tr.) 20, Dkt. No. 12-1.) The ALJ reviewed Lea-Ann's medical records, including her report of memory decline and a report by her physician, Dr. Reid, stating that Lea-Ann has difficulty remembering and solving problems. (*Id.* at 19-21, 320, 376.) The ALJ decided to give Dr. Reid's report little weight, finding that it was not sufficiently supported by evidence in her medical record. (*Id.* at 20.) Finally, the ALJ noted that Lea-Ann "did not allege any mental impairment during her disability hearing." (*Id.*) Therefore, the ALJ did not fail to consider Lea-Ann's mental health condition when determining that she is not disabled and is able to perform work.

Lea-Ann also contends that the ALJ erred by failing to ask the vocational expert about any side effects of her medication. An ALJ is not required to consult a vocational expert but need only show that there is reliable evidence of some kind to support the ALJ's conclusion. *Nelms v. Astrue*, 553 F.3d 1093, 1100 (7th Cir. 2009) (citing *Warmoth v. Bowen*, 798 F.2d 1109, 1112 (7th Cir. 1986); 20 C.F.R. § 416.966(e) ("We will decide whether to use a vocational expert"); *Binion v. Shalala*, 13 F.3d 243, 246 (7th Cir. 1994) (explaining that use of a vocational expert is discretionary)); *see also Shively v. Heckler*, 739 F.2d 987, 990 (4th Cir. 1984) (ALJ's questioning of the vocational expert was sufficient given the claimant's opportunity for cross-examination of the expert). Here, the ALJ was not required to ask the vocational expert about

the side effects of Lea-Ann's medication because the ALJ evaluated Lea-Ann's mental health condition based on the evidence in her medical record.  In addition, the ALJ provided Lea-Ann with an opportunity to ask the vocational expert additional questions, and Lea-Ann did not raise any questions regarding her mental health condition or the side effects of her medication.  (Tr. 76 ("Ms. R[.] do you [have] any questions that you would like me to ask Mr. Gano[, vocational expert,] that I haven't already?").)  Therefore, the ALJ did not err by failing to ask the vocational expert about the side effects of Lea-Ann's medication.

### III.  CONCLUSION

After a review of the claimant's objections and the record, the court concludes that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards.  Accordingly, this court will overrule Lea-Ann's objections, adopt the magistrate judge's recommendation, and grant the Commissioner's motion for summary judgment.

An appropriate order will be entered.

Entered: September 29, 2020.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge